IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JORDAN BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 20-985 |
| ) | |
| JANICE WILSON, JEFFREY MARTIN, ) | |
| ROBERT McGRAW, TROY STEINHAUSER ) | |
| and FRANK PAWLOWSKI, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

Presently pending before the Court is Defendants' Motion to Re-Open Expert Discovery (Docket No. 141), entered on September 13, 2024. The Court has considered the motion and accompanying brief (Docket No. 142), as well as Plaintiff's brief in opposition to the motion (Docket No. 150). For the reasons set forth below, the Court will deny the motion.

On September 3, 2024, as the trial date in this matter was fast approaching, Attorneys Nicole J. Boland and Brendan J. O'Malley of the Office of General Counsel for the Pennsylvania State Police entered notices of appearance (Docket Nos. 129, 130). Shortly thereafter, Attorneys Scott A. Bradley and Michael P. Gaetani of the Pennsylvania Office of Attorney General moved to withdraw. (Docket No. 131). Because a trial in this matter had already been scheduled—after extensive discussion with counsel—for December 3, 2024 (Docket No. 128 (Amended Pretrial Order)), and because the pretrial deadlines associated therewith were rapidly coming due, the Court set a telephonic status conference for September 10, 2024, to discuss this surprising request for replacement of defense counsel. (Docket No. 133). Accordingly, a telephonic status conference was held that date and, at that time, Attorney Boland specifically represented to the Court that she and Attorney O'Malley were prepared to meet all existing pretrial deadlines and the

scheduled trial date if the Court consented to the eleventh-hour withdrawal of Attorneys Bradley and Gaetani. (Docket No. 138). Relying on that representation, the Court permitted this still-unexplained change in representation. (Docket No. 139).

During the telephonic status conference, after the Court had agreed to the change of representation and despite Attorney Boland's commitment to meet existing pretrial and trial deadlines in support of Attorney Bradley and Attorney Gaetani's withdrawal, Attorney Boland raised with the Court the potentiality of her making a request to reopen expert discovery and the possibility of her filing a motion for judgment on the pleadings. In response, the Court gave defense counsel an opportunity to ask for these requests so the Court could decide what it would permit, and entered an Order indicating that defense counsel should "submit to the Court notice of any forthcoming, as yet unanticipated, requests, motions, and etc." no later than September 13, 2024. (Docket No. 140). Defense counsel thereafter filed, *inter alia*, the instant Motion to Re-Open Expert Discovery. (Docket No. 141). Therein and in the accompanying brief, defense counsel stated that: discovery in this matter is closed; Plaintiff has described several experts he anticipates calling at trial, including Maggie Bruck (Ph.D.), Joanna Collins (M.F.S.), Robert Prevot, Christopher Palenik (Ph.D.), Gillian Blair (Ph.D., L.L.M.), and Annie Steinberg (M.D.); Defendants *did not* previously conduct expert discovery in this case; and re-opening expert discovery to examine the reliability and relevance of Plaintiff's experts would help the resolution of forthcoming motions *in limine* and could inform the need for any *Daubert* hearings. (Docket No. 141). Plaintiff opposes the motion as a prejudicial delay tactic. (Docket No. 150).

A request for modification of a case management order must be justified by "good cause." Fed. R. Civ. P. 16(b)(4). "To establish good cause, a party must demonstrate that they acted diligently." *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, No. CIV.A. 09-290, 2013 WL

772698, at *2 (W.D. Pa. Feb. 28, 2013).  And while "carelessness, or attorney error … might constitute 'excusable neglect' under Rule 6(b), [it] is insufficient to constitute 'good cause' under Rule 16(b)."  *Id*. (quoting *Graham v. Progressive Direct Ins. Co.*, 271 F.R.D. 112, 121 (W.D. Pa. Sept. 15, 2010)).  It is incumbent on the party seeking amendment of the court's order to establish this good cause.  *Chancellor v. Pottsgrove Sch. Dist.*, 501 F. Supp. 2d 695, 701 (E.D. Pa. 2007).

Defendants argue that good cause exists to re-open expert discovery because they intend to file renewed motions *in limine* and to seek *Daubert* hearings for at least two of Plaintiff's anticipated experts: Collins and Bruck.  (Docket No. 142 at 2).  Defendants further argue that they can conduct expert depositions over two-to-three days, that the depositions will aid the Court, and that re-opening expert discovery is in the interests of justice.  (*Id.* at 2-3).  Defendants do not explain why expert depositions were not previously taken or why they believe *Daubert* hearings might be necessary after prior counsel specifically disavowed the need for them.[1]

Having considered these purported explanations for re-opening expert discovery, it is the Court's determination that Defendants have not established good cause for their request.  This Court last entered an Order modifying the schedule for expert discovery in this matter two years ago on September 29, 2022, wherein the Court directed that all expert depositions were to be completed by January 31, 2023.  (Docket No. 46).  The parties thereafter stipulated to a trial on Plaintiff's Count I (Malicious Prosecution) and Count II (Fabrication of Evidence) (Docket No. 49), and the Court entered a Pretrial Order indicating that jury selection and trial were set for February 5, 2024 (Docket No. 56).  The Court thereafter canceled the February 5, 2024, trial date[2]

---

[1] The Court held a status conference on July 23, 2024 (Docket No. 124) and subsequently indicated in an email that, as discussed at the conference, the Court expected Defendants' position as to whether they intended to request *Daubert* hearings no later than Friday, July 26, 2024.  In response to that email, Attorney Bradley responded by email dated July 25, 2024, that "The Defendants will not be requesting *Daubert* hearings for any of Plaintiff's identified experts."  (Bradley email, July 25, 2024, 11:14:09 AM).

[2] The Court rescheduled trial in this matter to schedule a criminal matter for trial in compliance with its

3

by its Order on November 9, 2023, but left pretrial deadlines in effect. (Docket No. 68). The parties thereafter filed motions *in limine*, including Defendants' motion *in limine* to exclude evidence and testimony of expert witnesses. (Docket No. 86). The Court held Oral Argument on all pending motions on April 23, 2024. (Docket No. 115). After argument, the Court denied the Defendants' motion *in limine* to exclude evidence and testimony of expert witnesses *without prejudice*. (Docket No. 116).

Since the close of expert discovery and throughout the proceedings since that time—up to and including argument on Defendants' motion *in limine* regarding Plaintiff's experts—Defendants have *never* raised the issue of re-opening expert discovery. And they offer no excuse for their delay that would justify revisitation of the issue now, when there are fewer than twelve weeks before trial. Because no good cause exists to support the motion, the Court will deny it.

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 10th day of October 2024,

IT IS HEREBY ORDERED that Defendants' Motion to Re-Open Expert Discovery (Docket No. 141) is DENIED.

*/s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record

---

obligations under the Speedy Trial Act.