**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JORDAN BROWN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JANICE WILSON, JEFFREY MARTIN, )<br>ROBERT McGRAW, TROY STEINHAUSER )<br>and FRANK PAWLOWSKI, )<br>)<br>Defendants. ) | Civil Action No. 20-985 |

### MEMORANDUM ORDER

Presently before the Court is Defendants' Motion for Judgment on the Pleadings and brief in support (Docket Nos. 143, 144), which the Court construes as Defendants' motion for leave to file a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), along with Plaintiff's brief in opposition (Docket No. 150). For the reasons set forth below, Defendants' motion will be denied.

Plaintiff filed his Complaint in this matter over four years ago, on July 1, 2020. (Docket No. 1). On May 9, 2023, the Court entered a Pretrial Order, setting a trial date of February 5, 2024. (Docket No. 56). The Court cancelled that trial date,[1] and on August 15, 2024, issued an Amended Pretrial Order scheduling jury selection and trial to begin on December 3, 2024, and setting numerous pretrial deadlines in the meantime. (Docket No. 128). On September 3, 2024, Attorneys Nicole J. Boland and Brendan J. O'Malley, both from the Office of General Counsel for the Pennsylvania State Police (the "OGC-PSP"), entered their appearance on behalf of Defendants, and on September 5, 2024, Attorneys Scott A. Bradley and Michael P. Gaetani, both from the

---

[1] The Court rescheduled the trial in order to set a criminal trial in accordance with its obligations under the Speedy Trial Act.

1

Pennsylvania Office of Attorney General, filed a motion to withdraw their appearance on behalf of Defendants. (Docket Nos. 129, 130, 131).

As the trial date is fast approaching, the Court held a telephonic status conference with counsel on September 10, 2024, during which the Court inquired whether Defendants' OGC-PSP counsel would be prepared to meet all existing deadlines and proceed to trial as scheduled if Mr. Bradley and Mr. Gaetani were permitted to withdraw from the case, and Ms. Boland answered in the affirmative. (Docket No. 138). Therefore, that same day, the Court agreed to the last-minute replacement of defense counsel in this matter. (Docket Nos. 139, 152). However, after committing to meet pretrial and trial deadlines, Ms. Boland raised with the Court, for the first time, a potential request to reopen expert discovery, as well as the possibility of filing a motion for judgment on the pleadings. In response, the Court instructed defense counsel to file a motion and brief asking for such requests, and the Court issued an Order later that day indicating, among other things, that Defendants would have until September 13, 2024, to submit to the Court notice of any forthcoming, as yet unanticipated, requests, motions, etc. (Docket No. 140).

On September 13, 2024, Defendants filed both a Motion to Re-Open Expert Discovery and supporting brief (Docket Nos. 141, 142) and a Motion for Judgment on the Pleadings and supporting brief (Docket Nos. 143, 144). On September 16, 2024, the Court issued an Order indicating that Defendants' Motion for Judgment on the Pleadings and brief would be construed solely as a motion for leave to file a motion for judgment on the pleadings pursuant to Rule 12(c), and that such filings were otherwise stricken as noncompliant with the Court's instructions given during the telephonic status conference and via the Court's Order at Docket Number 140. (Docket No. 146). Plaintiff thereafter filed an Omnibus Brief in Opposition to Defendants' Motion to

Reopen Expert Discovery and Motion for Judgment on the Pleadings.[2]  (Docket No. 150). Plaintiff's motion for leave to file a Rule 12(c) motion is therefore now ripe for decision.

According to Rule 12(c), "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."[3]  Fed. R. Civ. P. 12(c).  Defendants assert in their motion, without further elaboration, that their Rule 12(c) motion is being filed early enough so as not to delay trial.  (Docket No. 143 at 1).  The sole case Defendants cite in support of their contention that their motion is timely and will not delay trial is *Liburd v. Government of Virgin Islands*, Civ. Action No. 2011-020, 2013 WL 960780, at *4 (D.V.I. Mar. 13, 2013), in which a motion for judgment on the pleadings was found to be timely when filed approximately three months before the then-scheduled trial.  In *Liburd*, however, the defendants' motion "was filed on the eve of the dispositive motions deadline—eleven months after [the defendants'] Answer was filed and six months after the deadline for completing factual discovery."  *Id.* at *3.  Additionally, the Court found in *Liburd* that the plaintiff had not articulated how he would be prejudiced by such

---

[2]  The Court found Plaintiff's Motion to Re-Open Expert Discovery and supporting brief (Docket Nos. 141, 142) to be substantially compliant with the Court's instructions, and that motion is being ruled upon by separate Memorandum Order, filed herewith.

[3]  Wright and Miller provide as follows with regard to motions filed pursuant to Rule 12(c):

> Ordinarily, a motion for judgment on the pleadings should be made promptly after the close of the pleadings. Generally, however, a Rule 12(c) motion is considered timely if it is made early enough not to delay trial or cause prejudice to the non-movant. If a party engages in excessive delay before moving under Rule 12(c), the district court may refuse to hear the motion on the ground that its consideration will delay or interfere with the commencement of the trial. The determination whether the motion is a legitimate one or simply has been interposed to delay the trial is within the sound discretion of the judge. However, if it seems clear that the motion may effectively dispose of the case on the pleadings, the district court should permit it regardless of any possible delay consideration of the motion may cause.  Conversely, if the pleadings do not resolve all of the factual issues in the case, proceeding with discovery and potentially a trial on the merits would be more appropriate than an attempt at resolution of the case on a Rule 12(c) motion.

5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367 (3d ed. 2024 update) (footnotes omitted).

motion, nor was it established that the motion was filed so late as to delay trial. *Id.* at *4. The Court therefore explained that, under the particular facts and circumstances of that case, it would reject the argument that the Rule 12(c) motion was untimely. *See id.*

In this case, however, in accordance with this Chambers' Practices and Procedures,[4] if Defendants would be permitted to file their Rule 12(c) motion, the Court would allow Plaintiff 30 days to file a brief in response and Defendants would be given a 14-day reply period, at which point the Court would take the parties' filings under advisement and ultimately issue an opinion. Given the gravity of a motion filed under Rule 12(c), the Court would provide such a schedule to accommodate the parties' need to thoroughly brief complex issues, and to allow the Court adequate time to formulate a thorough and well-reasoned decision. The Court finds that here, unlike the particular facts and circumstances of *Liburd*, imposing such a briefing schedule at this time, so close to the trial date, while still providing the parties with adequate time to submit their other substantial pretrial submissions, and while also allowing the Court adequate time to consider and issue a ruling on Defendants' motion, would undoubtedly delay the trial in this case.

Also unlike the plaintiff in *Liburd*, Plaintiff here has shown that he would be prejudiced by Defendants filing a Rule 12(c) motion at this point in the case. After several extensions, fact discovery was completed on November 12, 2021, and expert discovery was completed on January 31, 2023. (Docket Nos. 27, 46). The Court held a series of case management conferences, including a post-discovery status conference on February 7, 2023, after which the Court ordered motions for summary judgment to be filed by March 24, 2023. (Docket Nos. 47, 48). Defense counsel did not raise the possibility of a Rule 12(c) motion at that point and, indeed, had long before informed the Court that no such motions were anticipated when they jointly submitted the

---

[4]    *See* https://www.pawd.uscourts.gov/sites/pawd/files/Practices_Procedures_Judge_Hardy_10_21.pdf.

4

Rule 26(f) Report, way back on November 9, 2020. (Docket No. 17 at 2). Instead of filing summary judgment motions by the Court's imposed deadline, however, the parties filed a stipulation in which they **agreed to forgo filing such dispositive motions**, and "[a]s a compromise of the claims and defenses asserted in this case," the parties **agreed to the dismissal of certain claims**, Count III (Civil Conspiracy) and Count IV (Supervisory Liability), **while also stipulating to a trial on the remaining claims**, Count I (Malicious Prosecution) and Count II (Fabrication of Evidence). (Docket No. 49). As Plaintiff points out, the agreement to forgo dispositive motions was reached because Plaintiff agreed to release putatively viable claims; yet, Defendants now seek to file a last-minute dispositive motion, seeking dismissal of the remaining claims, after securing the dismissal of other claims in exchange for agreeing to move forward to trial. Moreover, ordering Plaintiff to respond to Defendants' proposed Rule 12(c) motion at this juncture, and thus requiring the re-litigation of portions of this case so close to trial, in the midst of meeting the other deadlines imposed on the parties by the Court's Amended Pretrial Order, would also be prejudicial to Plaintiff, as it would undoubtedly hamper his ability to prepare for trial and/or could necessitate delaying trial in order to provide Plaintiff with an adequate opportunity to respond to such motion.[5]

---

[5] Some courts have found that alleged untimeliness of a motion for judgment on the pleadings is not a bar to dismissal, despite being filed at the last minute, when the motion is well-supported and – unlike this case – the plaintiff has not articulated a basis for any prejudice caused by the delay. *See, e.g., General Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1123, 1131 (6th Cir. 1990) (cited in *Liburd*, 2013 WL 960780, at *3-4). Here, however, in addition to the Court finding that such motion would delay trial and prejudice Plaintiff, upon review of the proposed Rule 12(c) motion and brief filed by Defendants, the motion appears to be not well-supported. First, Defendants raise matters in their brief that have already been resolved, *e.g.*, the Civil Conspiracy count in Plaintiff's Complaint that has been dismissed (Docket No. 117 at 60). Defendants also argue that they are entitled to judgment on the pleadings despite the Court having previously indicated – after the parties conducted extensive discovery and submitted briefing, and the Court heard lengthy oral argument on motions *in limine* and jury instructions – that the record shows here the existence of factual issues in dispute, including issues of probable cause and malice. (Docket No. 148-6 at 72-73). Furthermore, Defendants base certain arguments in their brief on facts that are not alleged in the pleadings, such as alleged actions of members of the District Attorney's Office.

In any event, Defendants indicate in their motion that the legal arguments that they would present in a Rule 12(c) motion will also be subject to a forthcoming Rule 50 motion. Therefore, regardless of whether Defendants are permitted to file a Rule 12(c) motion at this time, Defendants will have the opportunity to raise the arguments they wish to present to the Court via a Rule 50 motion.

Additionally, the Court is mindful that Plaintiff has invested substantial time and incurred significant expenses in the discovery process in this matter, including by retaining experts. *See Grajales v. Puerto Rico Ports Auth.*, 682 F.3d 40, 46 (1st Cir. 2012) (noting that, "while district courts enjoy broad discretion in managing their dockets . . . once the parties have invested substantial resources in discovery, a district court should hesitate to entertain a Rule 12(c) motion that asserts a complaint's failure to satisfy the plausibility requirement").

Furthermore, to the extent Plaintiff argues that Defendants cannot seek to modify the Court's scheduling orders without showing "good cause," the Court agrees. *See* Fed. R. Civ. P. 16(b)(4). In order "to establish good cause, a party must demonstrate that they acted diligently." *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, Civ. Action No. 09-290, 2013 WL 772698, at *2 (W.D. Pa. Feb. 28, 2013). Furthermore, "carelessness, or attorney error, which might constitute 'excusable neglect' under Rule 6(b), is insufficient to constitute 'good cause' under Rule 16(b)." *Id.* (quoting *Graham v. Progressive Direct Ins. Co.*, 271 F.R.D. 112, 121 (W.D. Pa. Sept. 15, 2010)). Here, although Defendants do not specifically seek to modify the Court's scheduling orders in order to file their Rule 12(c) motion, the Court notes that Defendants offer no explanation as to why they seek to file a Rule 12(c) motion at this late date, so close to trial and long after other dispositive motions were due, when the pleadings upon which the Rule 12(c) motion is based have been available to the parties *for years*. *See, e.g., Transource Pennsylvania, LLC v. DeFrank*, Civ. No. 1:21-CV-01101, 2023 WL 8456121, at *3 (M.D. Pa. Dec. 6, 2023) (denying a motion for judgment on the pleadings as untimely where the defendants provided no good cause as to why the court should modify its scheduling order and allow the filing several months after the dispositive motion deadline had passed, where the defendants were long aware of the facts supporting their motion, and where there was no suggestion that the motion could not have been

6

filed sooner despite diligent efforts); *Sullivan v. Sabharwal*, Civ. No. 2016-21, 2018 WL 5316171, at *3 (D.V.I. Oct. 26, 2018) (denying the defendants' motion for judgment on the pleadings where they filed a motion for partial summary judgment and a *Daubert* motion before the court-ordered dispositive deadline, and they gave no reason why they could not have filed their motion for judgment on the pleadings before that deadline as well).

Additionally, although new counsel has recently substituted their appearance, the need for such substitution remains unexplained and, regardless of such change in counsel, Plaintiff points out that lawyers from the OGC-PSP have been involved in this litigation since July 8, 2020. (Docket No. 150 at 1-3 (discussing the OGC-PSP lawyers' involvement in this case)). Plaintiff notes that Defendants provide no explanation for the failure to file a motion for judgment on the pleadings earlier in this case, even though 1,513 days passed from the time lawyers from the OGC-PSP accepted service of the Complaint until they finally entered their appearance at this late juncture. (*Id.* at 3). Plaintiff argues that, during that time, OGC-PSP lawyers approved the parties' Rule 26(f) report indicating that "No Rule 12 motions are anticipated," and OGC-PSP lawyers approved the parties' summary judgment stipulation, discussed, *supra*. (*Id.* (referring to Docket No. 17 at 2, and Docket No. 50)). Plaintiff notes that lawyers from the OGC-PSP were also apparently aware of the extensive oral argument before the Court, during which the parties addressed disputes involving proposed jury instructions and motions *in limine*,[6] and during which the Court found that there are genuine issues of material fact for a jury to determine in this case.

---

[6] *See* Docket No. 80 (Plaintiff's Motion *in Limine* to Preclude Evidence or Argument About Information that was Unknown to Defendants When They Arrested Plaintiff Jordan Brown), Docket No. 82 (Plaintiff's Motion *in Limine* to Preclude the Testimony of Jenessa Houk), Docket No. 84 (Plaintiff's Motion *in Limine* to Preclude Evidence or Argument Regarding any Opinion as to Jordan Brown's Guilt or Innocence), Docket No. 86 (Defendants' Motion *In Limine* (First) to Exclude Evidence and Testimony of Expert Witnesses), Docket No. 88 (Defendants' Motion *In Limine* (Second) to Exclude Certain Evidence of Damages and/or to Bifurcate Trial Issues), Docket No. 90 (Defendants' Motion *In Limine* (Third) to Exclude Certain Photographs of Plaintiff), and Docket No. 98 (Plaintiff's Motion for Proposed Jury Instructions that there was No Probable Cause to Arrest Plaintiff, and that Defendants Used Fabricated Evidence to Arrest Plaintiff).

(*Id.* (referring to Docket Nos. 115, 148-6)).  Given the amount of time that has passed since the Complaint was filed in this matter, and despite the various conferences with the Court, opportunities for legal argument, and motions and briefs filed in this case over that lengthy period, Defendants – without explanation – waited until less than three months before the rescheduled trial date to seek to file a Rule 12(c) motion for judgment on the pleadings and without showing good cause why the Court should entertain the instant motion.

Thus, upon careful consideration of the particular facts and circumstances of this case, the Court finds that permitting Defendants to file a Rule 12(c) motion at this juncture would not only delay the trial in this matter, but, importantly, it would also prejudice Plaintiff.  Defendants have offered no reason whatsoever for their failure to file such motion at an earlier date, despite having long been aware of the facts that purportedly support their motion, and Defendants have thus also not shown good cause why the Court should entertain such motion at this time.  Therefore, Defendants' motion for leave to file a motion for judgment on the pleadings pursuant to Rule 12(c) will be denied.

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 10th day of October, 2024,

IT IS HEREBY ORDERED that Defendants' Motion for Judgment on the Pleadings (Docket No. 143), which the Court construes as Defendants' motion for leave to file a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), is DENIED.

> */s/ W. Scott Hardy*
> W. Scott Hardy
> United States District Judge

cc/ecf:  All counsel of record