IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JORDAN BROWN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JANICE WILSON, JEFFREY MARTIN, )<br>ROBERT McGRAW, and TROY )<br>STEINHEISER, )<br>)<br>Defendants. ) | Civil Action No. 20-985 |

### HEARING MEMO ON PRETRIAL CONFERENCE

Before Judge W. Scott Hardy

| | |
|---|---|
| Alexander B. Wright, Esq.<br>Steven M. Barth, Esq.<br>**Appeared for Plaintiff** | Nicole J. Boland, Esq.<br>Brendan Joseph O'Malley, Esq.<br>**Appeared for Defendants** |

| | |
|---|---|
| Hearing begun 11/22/24 at 10:00 a.m.<br>Hearing concluded 11/22/24 at 3:15 p.m. | Hearing adjourned to N/A<br>Stenographer   T. Benson<br>Clerk:  L. Petrick/ C. Kelso/ K. Woffington/<br>K. Sheets |

Prior to the commencement of the Pretrial Conference, the judge met briefly with the parties to address problems with the parties' exhibit binders, at which point the parties met and conferred privately regarding same. A number of matters were then discussed with counsel for the parties during the conference. The Court ordered counsel and the parties to be in Courtroom 3B by 8:30 a.m. on Tuesday, December 3, 2024, in advance of jury selection and trial of this matter, which is presently scheduled to commence at 9:30 a.m. on that date.

The Court also reviewed with the parties:

- Voir Dire: The Court described the voir dire procedures, and the parties had no objections to those procedures or to the voir dire questions that were circulated by email on 11/21/24.
- Trial Procedures: The Court reviewed its tentative trial schedule (Monday to Friday, 9:00 a.m. to 5:00 p.m., with appropriate breaks), and the parties provided estimates as to the

length of their respective cases-in-chief.  The parties made no objections to trial procedures set forth in the Pretrial Order and as described by the Court on the record.

- Initial Instructions:  The Court addressed the parties' objections to the Initial Instructions, which were circulated by email on 11/21/2024.  Specifically, Defendants will be referred to as "Troopers" rather than "Officers," the Court will refer to fabrication of evidence in one specific place as "alleged" rather than "supposed," and the Court will take under advisement the addition of further substantive instructions in the initial instructions (*i.e.,* an instruction on affidavits of probable cause).
- Witnesses:  The Court discussed with the parties the handling of witnesses.
- Opening Statements:  The parties both indicated that 30 minutes per side is sufficient for opening statements.  Defense counsel indicated she would lodge an objection during opening statements if the information addressed in the motion in limine (denied without prejudice) at Docket No. 169 is part of Plaintiff's opening statement, and Plaintiff's counsel indicated that such information would not be part of his opening statement.  The parties will confer as to whether they intend to use a Powerpoint or other presentation and will advise the Court concerning same, and they will provide copies to each other and to the Court in advance.
- Motion for Substitution of Party (Docket No. 249): The Court took said motion under advisement.  The Court confirmed that reference to Defendant McGraw as "the late" Robert McGraw is generally appropriate and directed the parties to confer and, if possible, enter a stipulation regarding the motion for substitution, verdict slips, etc., by 12:00 p.m. on 11/27/24.
- Motions in Limine:  The Court previously entered Opinions and Orders on the parties' various motions in limine at Docket Nos. 169, 177, 179, 181, 183, 185, 187, 189, and 193.  The Court addressed the remaining motions in limine (Docket Nos. 171, 173, 175, and 195), as well as the parties' Joint Submission Regarding Past Judicial Decisions (Docket No. 246).  The Court:  denied the motions at Docket No. 171 and 175 as moot; denied the motion at Docket No. 195 insofar as such testimony will be allowed but a *McKenna v. City of Philadelphia*, 582 F.3d 447 (3d Cir. 2009) limiting instruction will be given; took the parties' submission at Docket No. 246 under advisement; and took the motion filed at Docket No. 173 under advisement and reiterated its prior notice that a *Daubert* hearing regarding said motion may be scheduled on 12/2/24.
- Final Jury Instructions: The Court advised that working copies of the final jury instructions will be circulated to parties in the same manner as the initial jury instructions were circulated on 11/21/24.  The parties were also notified of requirements for any instruction proposals, and they were informed that additional argument on such instructions would be appropriate at a forthcoming charge conference.
- Verdict Slips:  The Court noted that the parties previously agreed to verdict slips, but the Court further addressed, in the context of the discussion of Defendant Robert McGraw, that the stipulated verdict slips at Docket Nos. 135 & 137 appear to be no longer agreed to by the parties.
- Exhibits: The Court heard argument on objections to certain exhibits and issued a number of rulings on same.  Regarding <u>Plaintiff's Phase I Liability Exhibits</u>, the Court overruled, without prejudice to re-raising during trial, Defendants' objections to P-02, P-03, P-04, and P-05.  Regarding <u>Plaintiff's Phase II Damages Exhibits</u>, the Court overruled Defendants' objection to P-01, Defendants' objection to P-02 was withdrawn, Defendants' objection to

P-03 was overruled without prejudice, Defendants' objection to P-04 was overruled, and Defendants' objections to P-05 and P-06 were withdrawn. Regarding <u>Defendants' Phase II Damages Exhibits</u>, Plaintiff's objections to D-01 and D-02 were deferred until the time of trial. The Court also directed the parties to confer regarding certain prior stipulations (*e.g.,* as to photographs of Kenzie Houk) to ensure that the parties are not violating their own stipulations in the course of trial. Regarding the witness Burlingame, the parties were directed to do deposition designations and counter-designations in the event he is not located in time for trial.

Appropriate orders will be issued.