IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JORDAN BROWN,<br><br>    Plaintiff,<br><br>  v.<br><br>JANICE WILSON; JEFFREY MARTIN; MELISSA J. MCGRAW, ADMINISTRATOR OF THE ESTATE OF ROBERT A. MCGRAW, III; and TROY STEINHEISER;<br><br>    Defendants. | Civil Action No. 20-985 |

## MEMORANDUM ORDER

Plaintiff Jordan Brown ("Plaintiff") initiated this case, pursuant to 42 U.S.C. § 1983, against Defendant Troopers Wilson, Martin, the deceased McGraw, and Steinheiser ("Defendants"), alleging claims of malicious prosecution in violation of the Fourth Amendment and fabrication of evidence in violation of the Fourteenth Amendment. (Docket No. 1). Following jury selection, the trial (bifurcated into Phase I Liability and Phase II Damages) commenced on December 4, 2024. (Docket Nos. 264, 265). On December 9, 2024, after the close of Plaintiff's case in Phase I, both Plaintiff and Defendants orally moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a). (Docket Nos. 270, 271, 272).

A motion pursuant to Federal Rule of Civil Procedure 50(a) may be made at any time before the case is submitted to the jury. *See* Fed. R. Civ. P. 50(a)(2). The motion must specify the law and facts that entitle the movant to judgment. *See id.* Generally:

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>
> (A) resolve the issue against the party; and

1

> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Fed. R. Civ. P. 50(a)(1).

In deciding a Rule 50(a) motion, the court must view the evidence in the light most favorable to the non-moving party, giving the non-moving party the benefit of every fair and reasonable inference. *See Galena v. Leone*, 638 F.3d 186, 196 (3d Cir. 2011) (citing *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1166 (3d Cir. 1993)). A Rule 50(a) motion should be granted only if the evidence is not sufficient for a jury reasonably to find liability. *See id.* To that end, the court must "'refrain from weighing the evidence, determining the credibility of witnesses, or substituting'" its own version of the facts for that of the jury. *See Eshelman v. Agere Sys., Inc.*, 554 F.3d 426, 433 (3d Cir. 2009) (quoting *Marra v. Philadelphia Hous. Auth.*, 497 F.3d 286, 300 (3d Cir. 2007)). Judgment as a matter of law should be granted "sparingly." *Ambrose v. Township of Robinson*, 303 F.3d 488, 492 (3d Cir. 2002) (citing *Walter v. Holiday Inns, Inc.*, 685 F.2d 1232, 1238 (3d Cir. 1993)).

Here, the parties made their Rule 50(a) motions orally yesterday. (Docket Nos. 270, 271, 272). Plaintiff contended that he is entitled to judgment as a matter of law, and essentially a directed verdict, on the lack of probable cause to arrest Plaintiff and the fabrication of evidence. (Docket Nos. 270, 271). Defendants argued that they are entitled to judgment as a matter of law based on Plaintiff's failure to establish his claims and because of the doctrine of qualified immunity. (Docket Nos. 270, 272). The Court heard oral argument from the parties but, notably, the parties did not submit any briefs in support of their arguments. (Docket No. 270). The Court issued its rulings on the motions on the record today, indicating that, with respect to each party's motion, it was viewing the evidence in the light most favorable to the non-moving party, giving

the non-moving party the benefit of every fair and reasonable inference, and refraining from weighing the evidence, determining the credibility of witnesses, or substituting its own version of the facts for that of the jury.  (Docket No. 273).

Accordingly, this 10th day of December, 2024, IT IS HEREBY ORDERED that, for the reasons set forth in full on the record this day, the motions for judgment as a matter of law pursuant to Rule 50(a), filed by Plaintiff (Docket No. 271) and by Defendants (Docket No. 272), are both **denied**.

       */s/  W. Scott Hardy*
       W. Scott Hardy
       United States District Judge

cc/ecf:  All counsel of record